UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JACK NASTAHOWSKY         :
    Plaintiff,                    :            3:12cv105(WWE)
                                  :
v.                            :
                                  :
THE BOARD OF EDUCATION        :
OF THE TOWN OF                :
GREENWICH                     :
    Defendant.                    :

*MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

    This case concerns plaintiff Jack Nastahowsky's claim that he was discriminated against by the Board of Education of the Town of Greenwich ("the Board") because of his previous criminal convictions and that his statutory right to due process was violated.

    Plaintiff filed this action against the Board alleging that it violated Connecticut General Statute ("C.G.S.") § 46a-80 by discriminating against him for his previous convictions (Count One); that it violated his right to due process under law under 42 U.S.C. § 1983 (Count Three) and Article I Section 20 of the Connecticut Constitution (Count Four), by not providing him with an opportunity to provide the Board, in writing, any proper answer to each conviction. Plaintiff also claimed Defamation in Count Two of his complaint, but this claim was voluntarily dismissed.

    Defendant has filed a motion for summary judgment on Count Three of the complaint and requests that the Court decline to exercise supplemental jurisdiction as to the pendent state claims. For the following reasons, defendant's motion will be granted.

**BACKGROUND**

The parties have submitted statements of fact, depositions, documents, and affidavits that establish the following factual background.

Plaintiff resides in Stamford, Connecticut.

Defendant is a governing educational body of the District of Greenwich and is located at 290 Greenwich Avenue, Greenwich, Connecticut.

On July 21, 2009, plaintiff filed an application for employment as a Custodian II with the Town of Greenwich, Connecticut.

On the July 21, 2009 application, plaintiff responded "No" to the question, "Have you ever been convicted of any offense other than minor traffic violations?" He then signed a certification stating that all the statements made in the application were true, complete, and correct to the best of his knowledge and belief, and were made in good faith.

On October 24, 2009, plaintiff submitted a "Criminal History Records Information Form" to defendant, on which he responded, "Yes" to the question, "Have you ever been convicted of a violation of any law or crime?" In the space reserved for an explanation of an affirmative answer concerning the previous question, plaintiff wrote, "Domestic Dispute I believe it was Dropped to dis[orderly] conduct."

On December 17, 2009, plaintiff was extended a written offer from defendant for employment as a Custodian II, which he accepted. The letter stated that he would be a probationary employee for six months.

On December 18, 2009, plaintiff was required to undergo a pre-employment physical examination and to submit a completed fingerprint card to defendant.

On December 22, 2009, plaintiff submitted to fingerprinting conducted by the Stamford Police Department, and the fingerprint card was submitted to defendant.

On January 4, 2010, plaintiff commenced his employment as a Custodian II with defendant. Plaintiff was subject to a six month probationary period following the commencement of his employment.

On January 25, 2010, defendant received criminal conviction information about plaintiff from his fingerprint card. Plaintiff was found to have eleven prior criminal convictions between the years 1988 and 2009. These convictions included: 11/3/1987- petit larceny, driving while impaired, 8/28/1990- driving while intoxicated, resisting arrest, 7/27/1992- larceny, 1/31/1993- driving while intoxicated, unlicensed operation of a motor vehicle, refusing chemical test, 7/11/1993- breach of peace, 10/14/1993- disorderly conduct, 6/21/1994- failure to appear, 1/28/1995- aggravated harassment, 5/18/1997- illegal operation of a motor vehicle while under suspension, 9/25/2008- breach of peace, and 1/31/2009- violation of protection order, violation of condition of release.

On January 26, 2010, Regina Williams ("Williams"), Assistant Director of Human Resources for the Greenwich Board of Education, notified plaintiff by letter that he was being placed on administrative leave due to the fingerprint check revealing a criminal history that he failed to disclose on his July 21, 2009 application.

On January 26, 2010, Williams and Roger Taranto, plaintiff's union representative, held a meeting with plaintiff regarding the information found in his criminal background check. During this meeting, plaintiff was questioned about the

criminal revelations.  Plaintiff advised Williams that his earlier convictions up until the early 1990s had been alcohol related and that he had been sober for fifteen years.

On January 27, 2010, Williams advised plaintiff in writing that his employment had been terminated.  The Notice of Employee Separation indicated a discharge due to falsification of employment application.

## DISCUSSION

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him. *See* Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. *See* Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. *See* Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*,* 391 F.3d 77, 83 (2d Cir. 2004).

### *Denial of Due Process Rights (Count Three)*

Plaintiff argues that contrary to the requirements of C.G.S. § 10-221d, he was neither advised that he had the right, nor given the opportunity, to file a proper answer in writing to each criminal conviction.

Defendant contends that plaintiff had no protected property interest in his position of employment and has not established a constitutional injury.  In the alternative, even if a constitutional injury is found, defendant argues that plaintiff has failed to establish a Monell claim as a matter of law against the Board, as an appointing authority.

**A. Procedural Due Process**

In reviewing a § 1983 claim for a violation of procedural due process under the Fourteenth Amendment, a court must determine (1) whether the person possessed a liberty or a property interest and, if so, (2) what process was he due before he could be deprived of that interest.  Green v. Bauvi*,* 46 F.3d 189, 194 (2d Cir.1995).

Property interests are created and their scopes are defined by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.  Bd. of Regents of State Colls. v. Roth*,* 408 U.S. 564, 577 (1972).

A public employee has a property interest in continued employment if the employee is guaranteed continued employment absent "just cause" for discharge. Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991).

When state law defines an employment position as probationary, the employee lacks a legal claim of entitlement and consequently lacks a property interest in the expectation of continued employment. Donato v. Plainview-Old Bethpage Central Sch. Dist., 96 F.3d 623, 629-30 (2d Cir.1996). Where there is no property interest in the employment, there can be no property interest in the procedures that follow from the employment. *Id*.

For plaintiff to maintain a denial of due process claim under § 1983, he has to show that he possessed a property interest to establish that he has a constitutional injury. In the letter to plaintiff offering him the position of Custodian II, it was stated that he was to be a probationary employee for a period of six months, commencing on the date of his employment. Plaintiff has no property interest in the expectation of continued employment because his position was probationary. Accordingly, plaintiff has no property interest in the procedures that follow from the employment while he was a probationary employee. Therefore, plaintiff cannot maintain a § 1983 claim because he lacks any kind of constitutional injury.

### B. Monell Liability

Defendant maintains that the complaint is insufficient to establish liability against it because plaintiff has failed to show sufficient facts to establish that the asserted constitutional deprivation implemented or executed a policy statement, ordinance,

6

regulation, or decision officially adopted and promulgated by the Board or its officers or a governmental "custom."

To establish municipal liability in a Section 1983 action, plaintiff must establish that the violation of his civil rights resulted from a municipal custom or policy. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690 (1978). Plaintiff must demonstrate that through deliberate conduct, the municipality was the moving force behind the alleged injury. Bd. of County Comm'ns of Bryan County v. Brown, 520 U.S. 397, 404 (1997). To hold a municipality liable for civil rights violations, plaintiff must establish that his injury resulted from an official policy or custom perpetuated by supervisory officials of the municipality, rather than employees at the non-policy making level. Ricciuti v. New York Transit Authority, 941 F.2d 119, 122 (2d Cir. 1991). A municipal board is an extension of the town it serves, created for the purpose of performing those functions that towns are statutorily required or permitted to perform. Rettig v. Town of Woodbridge, 304 Conn. 462 (2012).

As stated on the Notice of Employee Separation, plaintiff's discharge was due to falsification of his employment application. Plaintiff has not shown that he was terminated through an official policy or custom of the Board concerning the alleged discrimination of employment based on plaintiff's criminal record.

### *State Law Claims*

In Counts One and Four, plaintiff includes allegations of violations of the Connecticut Constitution and the C.G.S. A district court may decline to exercise supplemental jurisdiction over state law claims when all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3). Where no federal claims remain in a lawsuit, the

district court may decline to exercise supplemental jurisdiction and leave the state law claims to be considered by the state courts. Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001). When all federal claims are dismissed before a trial, the state claims should be dismissed as well. Motorola Credit Corp. v. Uzan, 388 F.3d 39, 56 (2d Cir. 2004).

The Court has granted summary judgment in favor of the defendant on the federal claim. The remaining state constitutional and statutory claims are more appropriately determined by the state court. Hernandez v. Carbone, 567 F. Supp. 2d 320, 333 (D. Conn. 2008). Therefore, in the interests of judicial economy, convenience, fairness, and comity, this Court declines to exercise supplemental jurisdiction over the state claims.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. The court declines to exercise supplemental jurisdiction over any state law claims. Accordingly, such claims are dismissed without prejudice. The Clerk is instructed to close this case.

Dated this 23rd day of July, 2013, at Bridgeport, Connecticut.

          /s/          
Warren W. Eginton
Senior United States District Judge